The document below is hereby signed.

Signed: April 15, 2015



_S. Martin Teel, Jr._
_United States Bankruptcy Judge_

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| STEPHEN THOMAS YELVERTON, | ) | Case No. 09-00414 |
| | ) | (Chapter 7) |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| STEPHEN THOMAS YELVERTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No. |
| | ) | 14-10024 |
| DEBORAH MARM and PHYLLIS EDMUNDSON, | ) | |
| | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter. |
| Defendants. | ) | |

MEMORANDUM DECISION AND ORDER DENYING
MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL

The plaintiff Yelverton has filed a motion to proceed in forma pauperis as to his February 3, 2015, notice of appeal. He seeks a waiver under 28 U.S.C. § 1915(a) and 28 U.S.C. § 1930(f)(1)-(2). Yelverton is unable to pay the filing fee, but in the exercise of my discretion I will deny the request for a

waiver of the filing fee.

Under 28 U.S.C. § 1915(a), the court should deny an application for waiver of the appellate fees if the appellant identifies no issue the appellant would pursue on appeal that has an arguable basis in law and fact (the test for ascertaining whether the appeal is pursued in good faith). *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Cortorreal v. United States*, 486 F.3d 742, 743 (2d Cir. 2007); *Sills v. Bureau of Prisons*, 761 F.2d 792, 794-95 (D.C. Cir. 1985). Section 1930(f) is discretionary, and a waiver ought not be granted when the appellant is unable to meet the test for a waiver under § 1915(a).

The order under appeal was a judgment dismissing Yelverton's amended complaint. That amended complaint was an attempt to circumvent an order approving a settlement in Yelverton's bankruptcy case between the chapter 7 trustee and Yelverton's sisters (the defendants in this adversary proceeding) by seeking damages for the sisters having obtained the settlement. Yelverton did not have standing to seek the monetary damages he claims (only the trustee had standing to sue for the harm to the estate); his claims of violation of the automatic stay were plainly frivolous; and the order approving the settlement, by reason of the releases contained in the settlement and by reason of the doctrines of release, res judicata (claim preclusion), and

2

collateral estoppel (issue preclusion), barred Yelverton from litigating his claims against his sisters.

Yelverton's motion identifies no issue he would pursue on appeal that has an arguable basis in law and fact.  He argues in his motion that his claims are postpetition claims that were not property of the estate, such that he had standing to sue on the claims, but that is plainly untrue.  Yelverton's amended complaint attempted to obtain damages for his sisters' having acquired, pursuant to their settlement with the trustee, his 1,333.3 shares of stock of Yelverton Farms, Ltd. (which had become property of the estate).  If the settlement was procured by fraud or other misconduct (and whether such misconduct occurred in the litigation against Yelverton's sisters brought on behalf of the estate regarding the shares,[1] in the negotiation of the settlement or in the procurement of the order approving the settlement), it was misconduct against the estate (the owner of the shares).  Accordingly, that Yelverton's claims relate to postpetition misconduct does not make the claims he asserts non-estate property.

In turn, only the trustee had standing to pursue damage

---

[1] Yelverton initiated the litigation against his sisters as a debtor in possession exercising the powers of a trustee under 11 U.S.C. § 1107(a) and thus as a representative of the estate. Once the case was converted to chapter 7, the chapter 7 trustee took over representing the interests of the estate in the litigation.

claims based on such misconduct against the estate.  Moreover, the settlement released such claims and has res judicata and collateral estoppel preclusive effect.  Yelverton has repeatedly unsuccessfully attempted to set aside the settlement as obtained by fraud.

In light of the foregoing, it is

ORDERED that the debtor's motion (Dkt. No. 55) for waiver of the fee incurred upon the filing of the notice of appeal is DENIED.  It is further

ORDERED that the clerk shall transmit a copy of this order to the clerk of the district court so that the district court is aware that this court has denied a waiver of the fees for pursuing the appeal.

[Signed and dated above.]

Copies to: Debtor; recipients of e-notification of filings.